UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

ANTHONY MOLINA,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/02/2022__

No. 19 Cr. 449 (NSR) (03)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      On June 23, 2021, a jury convicted Defendant Anthony Molina of all six counts of the Superseding Indictment (ECF No. 102) against him, including: two counts of conspiring to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951, two counts of committing Hobbs Act robberies, in violation of 18 U.S.C. § 1951, and two counts of brandishing a firearm in the course of the charged Hobbs Act robberies, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The evidence at trial established that Defendant participated in two armed robberies of Verizon stores, the first in New Milford, Connecticut, on August 10, 2017, and the second in Mahopac, New York, on February 15, 2019. In both robberies, a co-defendant served as the getaway driver in a dark-colored Honda Accord, while Defendant and another co-defendant entered the stores, terrorized the store employees by displaying a firearm, restrained the store employees with zip ties, and stole merchandise worth tens of thousands of dollars.

      On September 24, 2021, the Court sentenced Defendant to a below-Guidelines sentence of 192 months' imprisonment, followed by 3 years of supervised release, and ordered forfeiture and restitution in the amount of $103,425.91. (*See* ECF Nos. 180, 181, & 183.) Defendant has been in custody since the Court remanded him on June 23, 2021, following the jury's verdict. (*See* ECF No. 157.) Defendant filed a notice of appeal on October 7, 2021. (ECF No. 184.)

Presently pending before the Court is Defendant's motion for bail pending appeal (ECF No. 213; "Motion," ECF No. 215.) The Government opposes Defendant's motion ("Response in Opposition," ECF No. 219.) For the reasons that follow, the Court DENIES Defendant's motion.

## LEGAL STANDARD

"Federal law significantly limits the ability of defendants to secure release pending appeal." *United States v. DiMattina*, 885 F. Supp. 2d 572, 582 (E.D.N.Y. 2012) "It establishes a presumption that *all* criminal defendants will be held in custody during this period." *Id.* (emphasis in original) (citing 18 U.S.C. § 3143(b)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained [pending appeal]" unless certain findings are made.)). This is particularly true where a defendant has been convicted of a crime of violence and sentenced to a term of imprisonment. *See* 18 U.S.C. § 3143(b)(2) (providing that defendants found guilty of certain offenses "shall . . . be detained.").

As relevant here, the offense of Hobbs Act robbery is a "crime of violence." *See* 18 U.S.C. § 3156(a)(4) (defining "crime of violence" to include offenses that have as an element "the use, attempted use, or threatened use of physical force," or that present "a substantial risk that physical force ... may be used"); *United States v. Hill*, 832 F.3d 135, 140 (2d Cir. 2016), *as amended* 890 F.3d 51 (2d Cir. 2018) ("conspiracy to commit Hobbs Act robbery is a crime of violence under the Bail Reform Act. . . .") (citing *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991)). The maximum term of imprisonment for Hobbs Act robbery is 20 years. *See* 18 U.S.C. § 1951(a). Thus, Defendant's instant motion falls within the ambit of 18 U.S.C. § 3143(b)(2).

However, the Bail Reform Act contains a narrow exception for cases involving a crime of violence in which a defendant: (1) meets the requisite conditions for release set forth in 18 U.S.C. § 3143(b)(1), and (2) "clearly show[s] that there are exceptional reasons" why his detention would

2

not be appropriate." *United States v. Todd*, 12 CR. 45 (RJS), 2020 WL 1974219, at *2 (S.D.N.Y. Apr. 24, 2020) (*citing* 18 U.S.C. § 3145(c)). As one court noted:

> In effect, the court *must* make three findings in order to release the defendant pending appeal: 1) that the defendant is unlikely to flee or pose a danger to the community, 18 U.S.C. § 3143(b)(1)(A); 2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to less than the time already served, 18 U.S.C. § 3143(b)(1)(B); and 3) that there are exceptional reasons why the defendants' detention are not appropriate, 18 U.S.C. § 3145(c).

*United States v. DiMattina*, 885 F. Supp. 2d 572, 587 (E.D.N.Y. 2012) (emphasis added).

It is the defendant's burden to rebut the presumption in favor of detention by clear and convincing evidence. *See United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) (in the post-verdict, pre-sentencing context). If a defendant meets this substantial burden, bail pending appeal is mandatory. *See id.* (quoting 18 U.S.C. § 3143(a) for the post-verdict, pre-sentencing context, but the mandatory language in 18 U.S.C. § 3143(b) for the post-sentencing context is identical). Yet, if the defendant fails to satisfy his burden by clear and convincing evidence even with respect to just one of the three required findings, detention pending appeal is still mandatory.

## DISCUSSION

By his motion and accompanying exhibits, Defendant argues that he can rebut the presumption of detention by clear and convincing evidence. First, Defendant argues that he is neither a flight risk nor a danger to the community because no incidents occurred during the period he was out on bail from May 1, 2019 ,to June 23, 2021 (a period longer than two years). (Mot. at 4–5.) Second, Defendant claims that his appeal raises substantial questions of law or fact likely to result in reversal or a new trial as to all counts of conviction because (1) this Court erred when it did not suppress the geo-location data placing Defendant in the robbery locations as the fruit of warrants that relied on materially false information, and instead applied the inevitable discovery

3

exception with no analysis whatsoever; and (2) this Court wrongly denied his request for a "theory of defense" instruction, which would have informed the jury not to convict Defendant if it found that the gun he possessed at each robbery was "a pellet gun, imitation, facsimile or toy gun," for which he claims there was substantial evidentiary support. (*Id.* at 8–11.) And third, Defendant argues that exceptional reasons exist showing that his detention is inappropriate, including that: (1) his pretrial term of bail and his one-year incarceration since his remand have been incident-free; (2) the harsh conditions of confinement during the COVID-19 pandemic; and (3) his mother's need for assistance. (*Id.* at 11–13.)

In opposition, the Government contends that Defendant's motion fails to rebut the presumption of detention by clear and convincing evidence because he crucially fails to establish that he would not pose a danger to the safety of the community or a flight risk if released. (Resp. in Opp'n at 3–4.) The Government first avers that the evidence the jury considered at trial established that, "[f]ar from being a passive member of his robbery crew," Defendant was an active participant in the two robberies, who "burst through the door of each robbery, and ordered the store clerks around at gunpoint." (*Id.* at 3.) The Government also avers that the evidence at trial established that Defendant possessed and maintained multiple illegal firearms and that he was "prepared to engage in armed conflict with rivals" (*Id.* at 4.) The Government further avers that, while Defendant's prior term of bail was incident-free, now that he has been convicted of multiple serious, violent crimes, as well as sentenced to a lengthy term of imprisonment, he has now a "powerful incentive to flee that did not exist pre-trial." (*Id.* (citing *United States v. Londono-Villa*, 898 F.2d 328, 329–30 (2d Cir. 1990)).

Even if the Court were to conclude that Defendant establishes by clear and convincing evidence that he would not pose a danger to the safety of the community or a risk of flight, the

Government contends that Defendant fails to establish that his appeal fails to raise any substantial questions of law or fact likely to result in reversal or a new trial, as well as the existence of exceptional reasons warranting his release. (*Id.* at 4–7.)

After due consideration, the Court agrees with the Government that Defendant fails to crucially establish, by clear and convincing evidence, that he would not pose a danger to the safety of the community or a risk of flight. To begin, the evidence at trial established that Defendant actively participated in two armed robberies, during which he not only held up Verizon store clerks at gunpoint, but also threatened them, tied them up, ordered them around, and made them fear for the lives. *See, e.g.*, *United States v. Mercedes*, 254 F.3d 433, 437 (2d Cir. 2001) ("[C]onspiracy to commit armed robbery . . . weighs heavily against release."). The evidence at trial also showed that the day after the Mahopac Robbery, Defendant bragged to his sister via text message that he had $20,000 in his pocket (Trial Tr. at 288), created a video of himself smiling and holding banded cash up to his ear as if it was a cellphone (Trial Tr. at 279), and conversed with one of his co-defendants about their firearm preferences (Trial Tr. at 465–66).

At trial, even Defendant himself testified that over the time-period during which the robberies occurred, he possessed and maintained numerous firearms and types of ammunition. (Trial Tr. 445–44, DX F, GX 510, 512, 532). He himself explained that on December 19, 2019, he posted a video to social media that depicted him waving a gun around inside his car, "to show that [he] was armed" and there would be "potential conflict" if certain rivals were "waiting" for him. (Trial Tr. at 435–36). He interpreted coded references in his text messages for a "9 man brunch" and "food for a .38" as being requests for a 9 millimeter firearm and .38 caliber ammunition. (Trial Tr. 447–438, GX 502-C).

5

In sum, as the Government avers, the evidence at trial on which the jury relied to convict him of all six counts in the Superseding Indictment shows that Defendant: participated in brazen, violent robberies; admitted that during the time of the charged robbery conspiracies he possessed multiple illegal firearms; and was prepared to engage in armed conflict with rivals. Thus, the Court agrees with the Government that "[c]riminal conduct like . . . [D]efendant's poses a substantial threat to our communities, places innocent people at risk, and has no place in civilized society." (Resp. in Opp'n at 4.)

In contrast, all that Defendant proffers as evidence to rebut the presumption of detention is (i) a letter from his mother stating that he would be "gainfully employed" in her construction company if released; and (ii) that he complied with home detention while on bail pending trial, and that his incarceration to date has been incident-free. (Mot. at 3–4; Levitt Decl., Exs. D & E, ECF Nos. 214-4 & 214-5.) In fact, all his other exhibits pertain to his pending appeal before the Second Circuit and his mother's medical records—which he submits in support of his argument on "exceptional" reasons warranting his release. (*See* Levitt Decl., Exs. A, B, C, & F, ECF Nos. 214-1, 214-2, 214-3, 214-6.) Not only is such evidence insufficient to establish by clear and convincing evidence that Defendant does not pose a danger to the community, but also that he does not pose a risk of flight.

Indeed, the case Defendant cites in support, *United States v. Campbell*, S1 20 CR. 631 (AKH), 2022 WL 2209371, (S.D.N.Y. June 21, 2022), in which the court granted the defendant bail pending sentencing, in part, because he was employed and his year-and-a-half bail term had been incident free, is distinguishable in three critical aspects. First, the defendant in *Campbell* sought bail after pleading guilty but before being sentenced. *Id.* at *1. In other words, unlike the defendant in *Campbell*, Defendant here—who was convicted by a jury and has been sentenced to

192 months' imprisonment—has a "powerful incentive to flee that did not exist pre-trial." *See Londono-Villa*, 898 F.2d at 329–30.

Second, unlike Defendant here, the defendant in *Campbell* pled guilty to a non-violent offense: "the lesser included offense of conspiring to distribute and possess with intent to distribute 28 grams or more of mixtures and substances containing a detectable amount of cocaine base[,] in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)." *Campbell*, 2022 WL 2209371, at *1. And third, the court in *Campbell* found that the defendant in that case was not "'an organizer, leader, manager, or supervisor' of the conspiracy he joined." *Id.* at *2. While there is no evidence that Defendant held any of such positions here, the evidence at trial did establish that "[f]ar from being a passive member of [a] robbery crew, . . . [D]efendant burst through the door of each robbery, and ordered the store clerks around at gunpoint." (Resp. in Opp'n at 3.)

Thus, the Court concludes that Defendant fails to establish by clear and convincing evidence that he would not pose a danger to the safety of the community or a risk of flight if released. Therefore, the Court need not address Defendant's remaining arguments to deny his motion. *See United States v. Graham*, 05-CR-0016-1(JS), 2020 WL 7668902, at *3 (E.D.N.Y. Dec. 23, 2020) (citing 18 U.S.C. §§ 3143(a)(1), 3145(c); *United States v. Alvarez*, No. 18-CR-00656, 2020 WL 6785334, at *3 (S.D.N.Y. Nov. 18, 2020)).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for bail pending appeal (ECF No. 213.) Accordingly, the Court further DENIES Defendant's request for oral argument as MOOT (ECF No. 220.) The Clerk of Court is directed to terminate the motions at ECF Nos. 213 and 220.

SO ORDERED:

Dated: August 2, 2022
White Plains, NY

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE