UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/2023

UNITED STATES

v.

ANTHONY MOLINA,

    Defendant.

7:19 CR 449-3 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

**Background**

Defendant Anthony Molina was charged by superseding indictment with two counts of conspiring to commit robbery, in violation of 18 U.S.C. § 1951 (Counts I and IV); two counts of committing robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Counts II and V); and two counts of using and carrying a firearm that was brandished during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count III and VI). (ECF No. 102.)

In its pre-trial motion dated June 8, 2020, Defendant filed a motion to suppress the following evidence: "(a) all evidence seized pursuant to search warrants issued in and between March 2019 and August 2019, (b) all fruits of that tainted evidence and, (c) a black iPhone." (ECF No. 54.) On June 25, 2020, the Court denied the suppression motion on the grounds of inevitable discovery. (ECF No. 87.) After a six-day trial, a jury found Defendant guilty on all counts. (Minute Entry dated 06/23/2021.) On September 24, 2021, Defendant was sentenced by this Court to a term of 192 months of imprisonment and three years of supervised release. (Minute Entry dated 09/24/2021.)

Defendant appealed the action to the United States Court of Appeals for the Second Circuit on October 7, 2021. (ECF No. 184.) On appeal, the Second Circuit vacated the Court's denial of

Defendant's motion to suppress evidence. (ECF No. 234.) The Second Circuit remanded for the Court to conduct a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and directed the Court to maintain or vacate Defendant's convictions under Counts I, II, IV and V depending on its findings from the *Franks* hearing. (*Id.*) The Second Circuit also vacated Defendant's convictions under Counts III and VI due to the Court's error in charging the jury that "a gun is a firearm," and remanded for retrial. (*Id.*)

The Court scheduled the *Franks* hearing for November 8, 2023. (Minute Entry dated 09/07/2023.) On November 7, 2023, the Government informed the Court via email that Defendant intended to plead to a superseding information. The parties had "reached a proposed disposition that would resolve all factual and legal issues related to [Defendant's] current counts of conviction, the *Franks* hearing, the suppression motion, potential resentencing, and the pending counts that were vacated." (Government's Memorandum in Opposition of Plea Agreement, Gov't Mem. at 1, ECF No. 256.) The day of the scheduled *Franks* hearing, Defendant was arraigned on the Superseding Information, which charged Defendant with one count of conspiring to commit robbery, in violation of 18 U.S.C. § 1951. (ECF No. 251.)

Following Defendant's arraignment and waiver of indictment, the Defendant began to enter a guilty plea allocution. After determining Defendant was entering a fully informed, competent, and voluntary plea, the Court directed Defendant to state the factual basis for the crime he committed. Defendant provided a basic recitation of the statutory elements of the crime of conspiracy. Specifically, Defendant stated:

> From in or about August 2017 up to and including February 15th, 2019, in the
> Southern District of New York and elsewhere, I agreed with others to rob a phone

store in New Milford, Connecticut and a phone store in Mahopac, New York, that

sold goods which traveled in interstate commerce, and in fact did so.

(Def. Ex. B at 32:10-15.) The Court inquired further into the factual basis of the plea, asking

questions about where the robbery occurred, what kind of stores Defendant robbed, with whom

Defendant committed the robberies, what Defendant meant by "rob," and the type of force used.

(*Id*. at 32:16-34:7.) In response to the last question, Defendant stated that he and his co-defendants

used a pellet gun. (*Id.* at 32:7-34:21.) Having presided over Defendant's trial, the Court objected

to his testimony on the grounds that it "will not accept a plea that contains falsehoods." (*Id.* at

35:14-15.) After consulting with his counsel, Defendant stood by his plea allocution, and the Court

thus declined to accept the plea.

The Court rescheduled the *Franks* hearing for the following week and directed the Parties

to submit briefings on the issue of whether the Court had discretion to reject the plea. On November

13, 2023, Defendant filed a Memorandum of Law in Support of the Pending Plea Agreement (Def.

Mem., ECF No. 255); on November 15, 2023, the Government filed a Memorandum in Opposition

(Gov't Mem., ECF No. 256); and on November 21, 2023, Defendant filed its Reply (Def. Reply,

ECF No. 259.) On November 12, 2023, the Government revoked and withdrew its plea offer via

letter. (Def. Ex. C.) The Court must now determine whether the Court has discretion to reject

Defendant's guilty plea and whether the Government may withdraw its plea offer.

## Discussion

### A.  The Court's Discretion to Reject the Guilty Plea

Because the Court would abuse its discretion in requiring Defendant to plead to factual

bases beyond those required to establish he committed all elements of the crime charged as

reflected in the plea agreement, the Court does not have discretion to reject Defendant's guilty

plea. Under *U.S. v. Severino*, "if the court has reasonable grounds for believing that acceptance of the plea would be contrary to the sound administration of justice, it may reject the plea." 800 F.2d 42, 46 (1986). "One such ground, of course, is the defendant's failure to satisfy the court that there is a factual basis for the plea." *Id.* (citing Fed. R. Crim. P. 11(f)) (internal citations omitted). In *Severino*, the Second Circuit determined the defendant could only satisfy the district court that there is factual basis for the plea if the court found the defendant to be a credible witness. *Id.* The Second Circuit reached this conclusion on the grounds that the only evidence that the defendant intended to distribute cocaine in his possession, an element of the crime with which he was charged, was the defendant's testimony. *Id.* Therefore, the Court does not have discretion to reject Defendant's guilty plea if his allocution satisfied the Court that there is a factual basis for his plea to conspiracy to commit Hobbes Act robberies.

Here, Defendant made a sufficient allocution to the charge of conspiracy. The elements of conspiracy are "(1) an agreement among the conspirators to commit an offense; (2) specific intent to achieve the object of the conspiracy; and (3) usually, an overt act to effect the object of the conspiracy." *United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996). In his allocution, Defendant testified he entered an agreement with his codefendants to rob two cellphones stores by forcefully taking iPhones without purchasing them. (Def. Ex. B at 32:10-34:7.) These facts are sufficient to satisfy the elements of conspiracy. The Court need not find that Defendant is a credible witness. Defendant's testimony is not the sole evidence to prove Defendant committed conspiracy. Nor is the specific intent to achieve the object of the conspiracy in this case analogous to intent to distribute in *Severino*. In *Severino*, defendant possessed a small amount of cocaine, so he could have either intended to use it himself or distribute it. Therefore, his testimony that he intended to distribute the cocaine in violation of the statute was critical in establishing his guilt of the crime

4

charged. Here, the Court cannot conjure up any other possible intention of the Defendant and his co-defendants in agreeing to rob the cellphone stores—they either intended to forcefully take the iPhones without paying or they did not. For these reasons, the Court may not exercise its discretion to reject Defendant's plea, and therefore the Court is legally bound to accept the guilty plea entered by Defendant.

### B.  The Government's Authority to Withdraw the Plea

Having accepted Defendant's plea, the Court must now address whether the Government may revoke its plea offer. Generally, the Second Circuit interprets plea agreements under principles of contract law, but "note[s] that plea agreements are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain." *United States v. Gotti*, 457 F. Supp. 2d 411, 424 (S.D.N.Y. 2006). Accordingly, "Courts are required to hold the Government to the most meticulous standards of both promise and performance." *Id.* Defendant timely accepted the Government's plea offer, and the Government may not now revoke it.

The transmittal letter dated November 1, 2023 containing the Government's plea offer to the Defendant states: "[t]his plea offer expires on November 8, 2023, and may be revoked by the Government, in its sole discretion, at any time before its expiration." (*Id.*) Once the Government made the plea offer on November 1, Defendant merely had to accept (or reject) the offer and, if he accepted, plead guilty to the charge of conspiracy to commit Hobbes Act robberies. (Def. Ex. D; Def. Ex. E at 3-4.) Defendant affirmatively accepted the plea on November 8, 2023 when he signed the plea agreement, was arraigned on the superseding information, signed a waiver of indictment, and began his plea allocution. The Court also acknowledged the parties' execution of the plea agreement during the hearing: "[T]he record should reflect that, on page 11, [the plea agreement] bears the signature of the U.S. Attorney's Office, one U.S. Attorney being Michael Maimin, the

Chief Perry A. Carbone, and it also bears the signature of [Defendant] and that of [Defendant's counsel]." (Def. Ex. D at 14:18-22.) Nowhere in the transmittal letter, or the plea agreement itself, does the Government indicate the plea agreement is contingent upon the Court's acceptance of the plea agreement on November 8, 2023. (Def. Exs. D and E.) While the Court "cannot force the Government to reopen its plea offer," it does not have to because the plea offer never expired. (*See* Gov't Mem. at 3.)

Defendant also did not "demonstrate[] an inability or refusal to perform under the plea agreement." (Gov't Mem. at 5.) The plain language of the plea agreement does not impose any conditions regarding Defendant's performance under the plea agreement—the parties, including the Defendant, had to execute the agreement and Defendant had to plead guilty to the crime of conspiracy to commit Hobbes Act robberies. As discussed above, the Government and Defendant signed the agreement, and Defendant made a sufficient guilty plea allocution to conspiracy as charged. Finally, the parties' offense level stipulation under the plea agreement is relevant only to sentencing, which is in the full discretion of the Court, and not whether Defendant committed the offense charged. (Gov't Mem. at 5-6.) Even if it were relevant, "not all guns are firearms," therefore Defendant was not required to state he used a gun during the robbery. *United States v. Rosa*, 507 F.3d 142, 145 n.1 (2d Cir. 2007). Pursuant to the principles of fairness, the Court declines to allow the Government to withdraw the plea offer after Defendant timely accepted.

## Conclusion

The Court accepts Defendant's guilty plea to Count One of the Superseding Information, which charges Defendant with participating in a conspiracy to violate the laws of the United States—in particular, to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951—in violation of 18 U.S.C. § 371. Sentencing is scheduled to take place in person on December 8, 2023

at 11:00 AM. The Government's sentencing memorandum shall be submitted on or before November 30, 2023. Defendant's sentencing memorandum shall be submitted on or before December 6, 2023.

Dated:   November 27, 2023
         White Plains, New York

SO ORDERED.

NELSON S. ROMÁN
United States District Judge